UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, <br><br> Plaintiff, <br><br> v. <br><br> B. RUTKOWSKI, ZACH SHIFFLETT, OFFICER TAYLOR, and DEVIN BURTON, <br><br> Defendants. | CAUSE NO. 1:25-CV-84-GSL-AZ |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint, alleging the conditions he faced at the DeKalb County Jail violated his constitutional rights. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As a pretrial detainee, Herzog is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the

minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A defendant violates the Fourteenth Amendment if he "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Herzog first alleges that over the past 11 months that he has been detained at the DeKalb County Jail, there have been multiple instances where Officer Taylor and

Officer Devin Burton purposefully ignored his requests for toilet paper. Almost every time this happened, he had to submit a written request to get toilet paper. When he would submit a request, he says either Corporal Rutkowski would answer and acknowledge that Herzog needed toilet paper, or Lieutenant Zach Shifflett would respond that it would be passed out later in the night. Herzog alleges that Officer Taylor, Officer Burton, and Rutkowski violated his constitutional rights by purposefully making him wait to receive toilet paper.

These allegations are too vague to state a constitutional claim. Herzog has not described the jail's process for distributing toilet paper. Instead, he complains that when he runs out, he is not immediately provided with more. Certainly, adequate toilet paper is a basic necessity. But resupply on demand is not constitutionally required as long as there is an adequate process in place to otherwise supply inmates with toilet paper.

Next, Herzog complains that the jail provides inmates with only one jumpsuit that they are required to wear for seven days straight. Further, they are allowed clean sheets and towels every Sunday morning, which means they have to sleep on the same sheets and dry off with the same towel for a week. He also complains the inmates are allowed to switch out their blankets only once a month.

Herzog does not state a claim regarding the purported infrequent laundry services at the jail. In general, "[h]aving to wear the same clothes for two or three weeks is not a deprivation of constitutional magnitude." *Gordon v. Sheahan*, No. 96 C 1784, 1997 WL 136699, at *8 (N.D. Ill. Mar. 24, 1997). In some circumstances, inadequate laundering can pose a risk to an inmate's health by exposing him to others' bodily fluids or

3

communicable diseases. *See Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503-04 (7th Cir. 2016). *But see Passmore v. Josephson*, 376 F. Supp. 3d 874, 881-82 (N.D. Ill. 2019) (collecting cases and finding no constitutional violation where plaintiff was often given inadequately laundered, stained underwear because inmates could choose to forgo wearing underwear and had the ability to launder their clothes themselves). But that is not alleged here. Herzog does not identify any physical harm he experienced from having to wear the same clothes and use the same towel for a week at a time.

Next Herzog complains that every Sunday they are given hygiene supplies that are supposed to last the entire week. But they get only a small container of body wash, a small tube of toothpaste, and a tiny toothbrush that is smaller than his pinky finger. In addition, he complains they are not provided with washcloths and deodorant and must buy those items themselves.

Herzog's complaints about the adequacy of the hygiene supplies do not state a claim for relief. Herzog complains about the amount of body wash he is given, but it does not violate the Constitution to limit inmates to one shower a week. "The importance of the daily shower to the average American is cultural rather than hygienic . . .." *Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988); *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (weekly showers are not a constitutional violation). Moreover, he has not alleged any harm from the denial of washcloths and deodorant. "The use of deodorant does not improve cleanliness; its usefulness is merely cosmetic. *Banks v. Hiland*, No. 5:12-CV-P197-R, 2013 WL 1679362, at *8 (W.D. Ky. Apr. 17, 2013) (cleaned up). *Cf. James v. O'Sullivan,* 62 F. App'x 636, 639 (7th Cir.2003)

(holding that the denial of a comb, deodorant and cleaning supplies did not meet objective standard of Eighth Amendment claim because denial of those items cannot be said to have jeopardized plaintiff's health). Herzog was not entitled to shower more than once a week, and he has not pled facts from which it can be plausibly inferred that his basic hygiene needs were not met during this period of time.

Finally, Herzog's allegations that he was not provided with adequate oral hygiene items also does not state a claim for relief. Herzog does not allege that he suffers any current dental problems, so his claim involves a risk to his future health. *See Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005) ("However, Duke and Jerry's claim that toothpaste was denied to them as a hygiene product (without attenuated and contemporaneous medical consequences) may proceed only as a claim of deliberate indifference to a serious medical condition that might in turn thereafter threaten future health or cause serious medical problems threatening *future* health."). There are no allegations that allow a reasonable inference that the amount of toothpaste he was provided was so deficient that he could not maintain an adequate level of oral hygiene, even if not to his liking.

This complaint does not state a claim for which relief can be granted. If Herzog believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a

5

**Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Finally, Herzog filed a Request for Ruling on Motion, citing to Rule 53.1 of the Indiana Trial Rules of Civil Procedure. ECF 12. Rule 53.1 sets special procedures for motions in Indiana state courts that have not been ruled on within 30 days. Many of the Indiana Trial Rules correspond to similar rules in the Federal Rules of Civil Procedure. But the Federal Rules of Civil Procedure, which govern this case, have no rule like Indiana Trial Rule 53.1. That rule has no application here.

For these reasons, the court:

(1) DENIES the Request for Ruling (ECF 13);

(2) GRANTS Coltin Drew Herzog until **February 9, 2026**, to file an amended complaint; and

(3) CAUTIONS Coltin Drew Herzog if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 5, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT