UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG,<br>Plaintiff,<br>v.<br>B. RUTKOWSKI, et al.,<br>Defendants. | CAUSE NO. 1:25-CV-84-GSL-AZ |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed an amended complaint against B. Rutkowski, Zach Shifflett, Officer Taylor, and Officer Devin Burton. ECF 7. He alleged that the conditions he faced at the DeKalb County Jail violated his constitutional rights. *Id.* This court screened the amended complaint and found that it did not state a claim. ECF 20. Herzog was permitted to file an amended complaint "[i]f Herzog believe[d] he [could] state a claim based on (and consistent with) the events described in this complaint." ECF 20 at 5. Herzog has now filed a second amended complaint. ECF 29.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his second amended complaint, Herzog repeats many of the allegations included in his earlier complaint. The legal standard governing his conditions of confinement claims has already been explained to Herzog.

> As a pretrial detainee, Herzog is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).
>
> A defendant violates the Fourteenth Amendment if he "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

ECF 20 at 1-2.

Herzog is suing Lt. Zack Shifflett and Sheriff Brady Thomas because he believes their policy of providing one roll of toilet paper on each Wednesday and Sunday violates his rights. He is also suing Officer Taylor, Officer Devin Burton, and Captain Rutkowski for denying his requests for toilet paper. Herzog claims this caused him to

have "dingle berries," and that bloody stains were caused by them "ripping off," resulting in pain and embarrassment. ECF 29 at 3. The jail has a policy in place that governs distribution of toilet paper, and that policy is not unconstitutional. Herzog does not allege that he received less toilet paper than the policy provides for; he alleges only that he was not immediately provided with more toilet paper upon request. As this court has already explained (ECF 20 at 3), adequate toilet paper is a basic necessity. But resupply on demand is not constitutionally required as long as there is an adequate process in place to otherwise supply inmates with toilet paper. Therefore, these allegations do not state a claim.

Next, Herzog complains that the jail provides inmates with clean linens and a clean jumpsuit only once a week. A clean blanket is provided only once a month. Herzog made this same claim in his earlier complaint. The court found it did not state a claim.

> Herzog does not state a claim regarding the purported infrequent laundry services at the jail. In general, "[h]aving to wear the same clothes for two or three weeks is not a deprivation of constitutional magnitude." *Gordon v. Sheahan*, No. 96 C 1784, 1997 WL 136699, at *8 (N.D. Ill. Mar. 24, 1997). In some circumstances, inadequate laundering can pose a risk to an inmate's health by exposing him to others' bodily fluids or communicable diseases. *See Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503-04 (7th Cir. 2016). *But see Passmore v. Josephson*, 376 F. Supp. 3d 874, 881-82 (N.D. Ill. 2019) (collecting cases and finding no constitutional violation where plaintiff was often given inadequately laundered, stained underwear because inmates could choose to forgo wearing underwear and had the ability to launder their clothes themselves). But that is not alleged here. Herzog does not identify any physical harm he experienced from having to wear the same clothes and use the same towel for a week at a time.

ECF 20 at 3-4. Herzog's allegations have not changed, and neither has this court's conclusion.

Herzog also complains that, while he was provided with body wash, it caused his hair to be greasy and caused him to break out in acne. He allegedly told unidentified jail and medical staff about this, but he was not provided with an alternative. The Constitution does not require that Herzog be provided with hygiene products that are well-suited for his skin type. To the extent that Herzog's acne constituted a serious medical condition requiring treatment or specialized washes, that was a matter to address with medical staff. No medical staff have been named in this case, and even if Herzog had named medical staff, any claim against medical personnel stemming from constitutionally inadequate medical care would fall outside the scope of this complaint. "[U]nrelated claims against different defendants belong in different suits . . .." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Therefore, Herzog may not proceed against any defendant named in this action because he was dissatisfied with the body wash provided by the jail.

Herzog also takes issue with the size of the toothbrush provided by the jail. It is the size of his pinky finger and this prevents him from adequately cleaning his back teeth. Food lodged in his back teeth has caused him discomfort. He also complains that certain hygiene items must be purchased, including a comb, washcloths and deodorant. As previously explained:

> Herzog's complaints about the adequacy of the hygiene supplies do not state a claim for relief. […] Moreover, he has not alleged any harm from the denial of washcloths and deodorant. "The use of deodorant does not improve cleanliness; its usefulness is merely cosmetic. *Banks v. Hiland*, No. 5:12-CV-P197-R, 2013 WL 1679362, at *8 (W.D. Ky. Apr. 17, 2013) (cleaned up). *Cf. James v. O'Sullivan,* 62 F. App'x 636, 639 (7th Cir.2003) (holding that the denial of a comb, deodorant and cleaning supplies did not meet objective standard of Eighth Amendment claim because denial of those items cannot be said to have jeopardized plaintiff's health). Herzog was

> not entitled to shower more than once a week, and he has not pled facts from which it can be plausibly inferred that his basic hygiene needs were not met during this period of time.

ECF 20 at 4-5.

Herzog added an additional conditions of confinement claim to his second amended complaint. He alleges that the showers had black and green mold in them beginning approximately two months prior to Herzog's transfer to the Indiana Department of Correction. Herzog told Zack Shifflett about the mold right before his transfer. Herzog does not indicate if he was provided with cleaning supplies such that he could remove the mold. He likewise does not allege that Zack Shifflett had an adequate opportunity to address this concern prior to Herzog's transfer. Additionally, he does not allege that he suffered any physical injury caused by the mold. Furthermore, Herzog admits that he did not file a grievance about the mold. He had "to[o] much to worry about at that time to file a grievance." ECF 29 at 3. In the Prison Litigation Reform Act, Congress mandated that prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is designed to provide the prison with notice of a problem and give them an opportunity to fix it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not

acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotation marks omitted). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original). Herzog's claim that he had competing priorities at the time does not excuse his failure to exhaust the grievance process before bringing his claim about moldy showers.

Finally, Herzog has added additional allegations to his second amended complaint that are not "based on (and consistent with) the events described in [his previous] complaint." ECF 20 at 5. This limitation is placed because Herzog may only join defendants in a single lawsuit if his claims against each of them "aris[e] out of the same transaction, occurrence or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). This circuit has cautioned courts about allowing inmates "to flout the rules for joining claims and defendants." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Here, Herzog alleges that Dion Urban did not respond adequately to his needs after an inmate threw bodily fluids at Herzog in September 2024. He alleges that he was subjected to toxic smoke on November 2025 when a fire broke out at the DeKalb County Jail. He alleges that Lt. Zack Shifflet denied his request to have a haircut instead of a buzz cut prior to a criminal trial, and that his appearance therefore prejudiced the jury against him. Claims are related in a legal sense either if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there

is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). Overlapping defendants is not enough to allow otherwise separate claims to be joined. "[Q]uestion[s] of law or fact common to all defendants" must exist. *Thompson v. Bukowski*, 812 Fed. Appx. 360, 363 (7th Cir. 2020) (unpublished). Each of Herzog's new allegations outlined above are unrelated to Herzog's claims raised in his previous complaint and cannot proceed here.

Limiting Herzog to properly joined claims is particularly important here because Herzog is an abusive litigator who has incurred more than three strikes[1] for filing complaints that were dismissed for failure to state a claim, and he is currently restricted from filing new cases in this court. *See Herzog v. Burton*, No. 1:25-cv-252-PPS-APR (N.D. Ind decided May 23, 2025). Even if the restriction were lifted, as an inmate who has struck out, Herzog "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). None of the additional claims that Herzog has added suggest he is in imminent danger of physical injury. Thus, under the PLRA, even without the restriction Herzog would have been

---

[1] Court records reflect that Herzog has incurred at least five strikes:

(1) *Herzog v. Ulrick*, No. 1:24-cv-428-DRL-SJF (N.D. Ind. decided Feb. 3, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim (ECF ## 2, 24);
(2) *Herzog v. Shifflett*, No. 1:25-cv-32-JD-AZ (N.D. Ind. decided Feb. 13, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim (ECF ## 4, 5);
(3) *Herzog v. Carpenter*, No. 1:24-cv-563-HAB-SLC (N.D. Ind. decided Mar. 25, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim (ECF ## 11, 12);
(4) *Herzog v. Miller*, No. 1:25-cv-82-TLS-AZ (N.D. Ind. decided Mar. 26, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim (ECF ## 4, 5).
(5) *Herzog v. Carpenter*, No. 1:24-cv-507-PPS-AZ (N.D. Ind. decided Apr. 9, 2025), dismissed under 28 U.S.C. § 1915A for failure to state a claim (ECF ## 18, 19).

required to pre-pay the filing fee to bring these claims, if he brought them as new cases. Allowing Herzog to add these claims here essentially bypasses the requirements of both the PLRA and this court's restriction order. Thus, Herzog's unrelated claims will be dismissed without prejudice to his right to bring them if he both resolves his filing restriction and pre-pays the filing fee.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Herzog has already amended twice. This court's previous screening order (ECF 20) pointed out specific deficiencies with Herzog's claims, and the allegations in the amended complaint suffer from similar deficiencies. "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the court:

(1) DISMISSES the following claims WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 21:

> (a) Dion Urban did not respond adequately to his needs after an inmate threw bodily fluids at Herzog in September 2024;
>
> (b) Coltin Herzog was subjected to toxic smoke in November 2025 when a fire broke out at the DeKalb County Jail; and
>
> (c) Lt. Zack Shifflet denied his request to have a haircut instead of a buzz cut prior to a criminal trial, prejudiced the jury against him; and

(2) DISMISSES Coltin Drew Herzog's remaining claims pursuant to 28 U.S.C. § 1915A because they fail to state a claim.

SO ORDERED on August 13, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT